# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO.:  5:13CV29-RLV

| | |
|---|---|
| DIANNA PETERMAN, )<br>and B.P., a minor child, )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>PAT CAUSEY, et al., )<br>Defendants. )<br>_____ ) | Memorandum and Order |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and upon the movant's application to proceed *in forma pauperis*.  (Doc. 2)

## I.

On February 19, 2013, Plaintiff DIANNA PETERMAN ("Peterman"), acting *pro se*, on behalf of herself and her minor child, B.P., submitted a 27-page document entitled, "Removal of Case from Caldwell County Court #12JA120 & Complaint for Damages, Demand Trial by Jury / Preliminary Injunction," as well as a separate "Motion for Preliminary Injunction and Restraining Order."  (Docs. 1, 3).  On February 21, 2013, Peterman submitted two additional exhibits that do not add to or alter the substance of the original filings.[1]  (Docs. 4, 5).

The heart of Peterman's claim is that she wants her daughter (B.P.), who has been removed from her physical custody at the request of Child Protective Services, a division of Caldwell County Department of Social Services ("DSS"), returned immediately. Thus, the undersigned appreciates the ostensible urgency of Peterman's request for relief.

---

[1] Peterman proffers a letter dated January 28, 2013, written to Judge Robert Brady, Caldwell County Superior Court, along with an Affidavit prepared and notarized by Peterman herself and a letter dated February 18, 2013, addressed to "Dear Melinda Norman Public Servant" complaining of conduct by Norman described as amounting to a "HEAT[hate] CRIME."

The civil cover sheet accompanying Peterman's Complaint asserts the existence of a federal question as the jurisdictional basis, 28 U.S.C. § 1331. More specifically, Peterman alleges that her civil rights have been violated and cites the following statutory authority: 42 U.S.C. § 1983, 18 U.S.C. §§ 2, 241, 242, and 2261A.

**A. EDNC Civil Action**

Peterman initially commenced litigation in the U.S. District Court, Eastern District of North Carolina ("EDNC"), pursuant to the same group of documents and seeking the same relief. *See Peterman v. Causey, et al.*, Civil No.: 5:13CV85-D (E.D.N.C. 2013). The case was assigned to Chief U.S. District Court Judge James C. Dever and referred to U.S. Magistrate Judge William A. Webb for "disposition and frivolity review." (EDNC Doc. 1-2, at 1).

On February 14, 2013, Magistrate Judge Webb issued an "Order & Memorandum & Recommendation" pursuant to 28 U.S.C. § 636(b)(1). (EDNC Doc. 10). The Magistrate Judge <u>granted</u> Peterman's motion to proceed *in forma pauperis*, <u>denied</u> motions to strike and for preliminary and permanent injunctive relief, and <u>recommended</u> that the complaint be dismissed for improper venue and lack of subject matter jurisdiction. (Id., at 1, 6). Construing the filings liberally, the Magistrate Judge analyzed Peterman's factual allegations under the removal statute, 28 U.S.C. § 1441, 42 U.S.C. § 1983, the federal criminal statutes cited by Peterman, due process claims asserted under the Constitution and the Administrative Procedures Act, and the Eighth Amendment's prohibition against cruel and unusual punishment. (EDNC Doc. 10). The Magistrate Judge further discussed abstention doctrine and several bases for the exercise of supplemental jurisdiction, including Peterman's allegations of attorney malpractice in the state court. (Id.) Magistrate Judge Webb <u>recommended</u> that the case be <u>remanded</u> to state court.[2]

---

[2] Magistrate Judge Webb noted that the Eastern District of North Carolina was an improper venue given that Peterman and the minor child reside in Caldwell County, North Carolina, within the

(Id.) Rather than object to the Order & Memorandum & Recommendation, on February 25, 2013, Peterman voluntarily withdrew her Complaint, having in mind "amend[ing] her complaint to the proper venue and jurisdiction."[3] (EDNC Doc. 11). A February 27, 2013 docket entry (i.e., a "Remark") indicates that the case in the Eastern District of North Carolina is now closed.

## II.

After conducting an initial review of Peterman's filings, this Court likewise finds that the subject matter is not properly before this Court.[4] Here, Peterman's case-opening document purports to be both a "Notice of Removal" and a "Complaint." (Doc. 1, at 1). As explained in the EDNC, Peterman attempts to "remove" the underlying state proceedings and simultaneously prosecute an independent federal civil action.

### A. Removal Is Improper

As an initial matter, Peterman cannot "remove" the juvenile petition and attendant Caldwell County DSS proceedings because North Carolina has the "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected or dependent." N.C. GEN. STAT. § 7B-200. (EDNC Doc. 10, 5-6). Since the underlying controversy could not have been originally brought in federal court, removal is improper.

---

Western District of North Carolina. Apparently, the EDNC decision prompted the filing of the same documents in this district.

[3] The case was withdrawn and closed before Chief Judge Dever, the presiding District Court Judge, undertook review of the Magistrate Judge's Order & Memorandum & Recommendation.

[4] As a result, the Court does not reach the question of Plaintiff's indigency status. However, the undersigned has no reason to question Magistrate Judge Webb's assessment of Peterman's financial disclosures and representations pertinent to establishing indigency status.

**B. Rule 12(b)(6) Failure To State A Claim Upon Which Relief May Be Granted**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted."

A complaint is frivolous "where it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In order to survive a Rule 12(b)(6) motion alleging failure to state a claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Dell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding such a motion, factual allegations of the Complaint are taken as true; however, the court is not bound to accept "legal conclusions drawn from the facts . . ." or "unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted).

**1. Federal Criminal Statutes**

Peterman's claim alleging that Pat Causey (or any of the other individuals named as Defendants) committed "hate crimes" against her and her daughter does not survive Rule 12(b)(6) scrutiny. The federal criminal statutes relied upon by Peterman do not create a private right of action and do not afford Peterman any relief. *See e.g.*, 18 U.S.C. §§ 241, 242, 2, and 2261A.

**2. Federal Constitutional Claims**

Peterman's filings demonstrate that her "federal" causes of action stem from alleged unlawful treatment of Peterman and the minor child in connection with the Caldwell County DSS proceedings.[5]

---

[5] For example, Plaintiff asserts that her loss of parental custody constitutes cruel and unusual punishment under the Eighth Amendment.

It is well-established that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir.2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir.1980)). "With the exception of the limited matters of international child abduction or wrongful removal claims . . . other child custody matters . . . [are] better handled by the state courts which have the experience to deal with this specific area of the law." *Cantor*, 442 F.3d at 202 (even in the international child abduction context, federal courts ordinarily do not have jurisdiction under ICARA[6] to hear right to access claim). Indeed, no showing has been made that the normal process for appeal of the state court decisions to higher state courts is somehow inadequate to provide redress for Plaintiff's grievances.

In addition, the *Rooker-Feldman* doctrine deprives the federal district court of jurisdiction notwithstanding any contention by Peterman that the state court civil ruling implicates her federal constitutional rights. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robert Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir.1986).

In conclusion, because Peterman's Complaint effectively seeks "review" of the state court proceedings, the Court lacks jurisdiction over the subject matter. Plaintiff's action is subject to summary dismissal before service of process or amendment of the Complaint following screening under Section 1915(e)(2). *See e.g.*, *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir.1997); *Manning v. Columbus Co. Dept. Of Social Servs.*, 2010 WL 3075562 (E.D.N.C. June 17, 2010) (plaintiff's complaint insufficient under § 1915(e)(2) where

---

[6] International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610.

plaintiff challenged DSS action and sought return of child to her physical custody); *Wingo v. Cole*, Civil No. 3:09CV137 (W.D.N.C. 2009) (dismissing complaint pursuant to § 1915(e)(2) review where complaint raised miscellaneous domestic and child custody issues).

### III.

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to this Court's initial review in accordance with 28 U.S.C. §1915(e)(2)(B), this Court finds that the ongoing Caldwell County DSS Child Protective Services case is not removable as the North Carolina Courts have exclusive jurisdiction over such a juvenile petition.

2. Secondly, the Court **ABSTAINS** and declines to exercise subject matter jurisdiction over any of Plaintiff's asserted federal constitutional claims;

3. Plaintiff's action is hereby **REMANDED** to Caldwell County;

4. Plaintiff's Application To Proceed *In Forma Pauperis* is hereby **DENIED** as **MOOT**; and

5. Plaintiff's request for issuance of a Temporary Restraining Order and Preliminary Injunction is also **DENIED** as **MOOT**.

Signed: March 8, 2013

Richard L. Voorhees
United States District Judge